IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL DAVID,

    Petitioner,

v.

HARLEY G. LAPPIN,

    Respondent.

No. CR 02-0062 SI
No. C 07-04081 SI

**ORDER TO SHOW CAUSE**

Daniel David, an inmate at Taft Correctional Center, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

Following a jury trial in this Court, David was convicted of mail fraud, using a fictitious name for the purpose of conducting a fraudulent scheme, and money laundering. Petition at 1, 11. The Court sentenced David on May 6, 2005, to 30 months imprisonment and ordered David to pay $444,198.91 in restitution, jointly and severally with his co-defendant Scott Nisbet. David appealed, and the Ninth Circuit affirmed his conviction on August 9, 2006. *See United States v. David*, 197 Fed. Appx. 564 (9th Cir. Aug. 9, 2006).

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus in behalf of a person "in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The first ground for relief in David's petition is that the prosecution withheld exculpatory evidence, namely the prosecution's knowledge that the long-distance phone carriers were not actual victims of David's conduct. The withholding of exculpatory evidence may violate a defendant's due process rights if "(1) the evidence at issue is favorable, either because it is exculpatory or because it is impeaching; (2) such evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice resulted." *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006); *see also Brady v. Maryland*, 373 U.S. 83 (1963). Liberally construed, David's first claim is not patently frivolous and warrants a response.

The second ground for relief in David's petition is that the government's acknowledgment at sentencing that the long-distance carriers were not actual victims constitutes newly discovered evidence that would have changed the outcome of David's trial. Newly discovered evidence is a ground for habeas relief "when it bears on the constitutionality of an appellant's conviction and would probably produce an acquittal." *Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999). David's petition appears to bring a freestanding claim of actual innocence, which requires an extraordinarily high showing by a petitioner. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). Liberally construed, however, David's second claim is not patently frivolous and warrants a response.

The third ground for relief in David's petition is that the government's acknowledgment that the

long-distance carriers were not actual victims amounts to a variance between the allegations in David's indictment and the proof presented at trial. The Court concludes that this claim lacks merit and should be dismissed. "A variance occurs when the evidence offered at trial proves facts that are materially different from those alleged in the indictment." *United States v. Olano*, 62 F.3d 1180, 1194 (9th Cir. 1995). Here, neither the indictment nor the superseding indictment allege that the long-distance phone carriers were victims or that they suffered financial losses. Without any such allegation, the Court does not see how there could be a variance between the indictment and the proof offered at trial. David argues that the superseding indictment alleged that David deceived the long-distance carriers by failing to disclose "'the material facts that [he] did not intend to and in fact did not attach payphones or any other telephones to the Lease Payphone Lines,'" Petition at 25, but whether or not the long-distance carriers suffered financial losses is of no relevance to whether they were deceived into paying money to David that they otherwise would not have paid. Therefore, David's variance claim does not warrant a response.

The fourth ground for relief in David's petition is that the lack of a victim renders the evidence presented at trial insufficient to sustain his conviction. A sufficiency of the evidence claim may be grounds for habeas relief, *Mikes v. Borg*, 947 F.2d 353, 356 & n.5 (9th Cir. 1991), and requires a court to view the "evidence in the light most favorable to the government and determine whether on that basis any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt," *id.* at 356. David argues the jury was required to find that the long-distance carriers were both deceived and injured by the deception, *Lifschultz Fast Freight, Inc. v. Consol. Freightways Corp.*, 805 F. Supp. 1277, 1294 (D. S.C. 1992), but that there was insufficient evidence of this convergence because the government acknowledged that the long-distance carriers were not victims. Liberally construed, this claim is not patently frivolous and warrants a response.

The Court also notes that it has received a motion requesting a new trial and a release order for David, signed by one Carlvin Justice. Mr. Justice does not claim to be an attorney or to represent David, and David is clearly represented by other counsel, as demonstrated by the subsequently-filed petition for habeas corpus at issue here. Carlvin Justice's motion is therefore inappropriate and is DENIED with prejudice.

3

## CONCLUSION

For the foregoing reasons,

1. The *Brady* claim, newly-discovered evidence claim, and sufficiency of the evidence claim warrant a response from respondent. Petitioner's variance claim is dismissed.

2. Respondents must file and serve upon petitioner, on or before **March 21, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondents on or before **April 21, 2008**. **Petitioner is advised that he should cite to particular pages when citing to cases in his traverse and in all future motions.**

4. The motion for a new trial filed by Carlvin Justice is DENIED with prejudice.

**IT IS SO ORDERED.**

Dated: January 9, 2008

SUSAN ILLSTON
United States District Judge